UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Cynthia D., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, *Acting Commissioner of Social Security*, <br><br> Defendant. | Civil Action <br> No. 21-18011 (CPO) <br><br> **OPINION** |

**Appearances:**

Jamie Ryan Hall
LAW OFFICE OF JAMIE R. HALL
110 East State Street
Suite 12
Kennett Square, PA 19348

    *On behalf of Plaintiff Cynthia D.*

Naomi Mendelsohn
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL REGION III
300 Spring Garden Street, 6th Floor
Philadelphia, PA 19123

    *On behalf of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.*

**O'HEARN, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Cynthia D.'s[1] appeal from a denial of Social Security disability benefits by the Acting Commissioner of Social Security ("Defendant"). The Court did not hear oral argument pursuant to Local Rule 9.1(f). For the reasons that follow, the Acting Commissioner's final decision is **VACATED** and Plaintiff's claim is **REMANDED** for further consideration consistent with this Opinion.

## II. BACKGROUND

The Court recites herein only those facts necessary for its determination on this Appeal.

### A. Administrative History

Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income on October 24, 2018 alleging an onset date of disability beginning May 25, 2018. (AR 15). Plaintiff thereafter amended her alleged onset date of disability to May 29, 2018. (AR 15). Plaintiff's claims were denied initially and again on reconsideration. (AR 1–3, 12–15). Plaintiff participated in a telephone hearing due to the then ongoing Coronavirus Disease 2019 (COVID-19) Pandemic before an Administrative Law Judge ("ALJ") on December 8, 2020. (AR 15). Plaintiff was represented by Andrew S. Youngman, a non-attorney representative, and Mario Antoniou, an attorney, who was present at the hearing. (AR 15). Both Plaintiff and Cherice M. Powell, a vocational expert (VE), testified at the hearing. (AR 21). In a decision dated December 18, 2020, the ALJ found that Plaintiff was not disabled under the Social Security Act. (AR 15–25). Plaintiff's Request for

---

[1] Pursuant to this Court's Standing Order 2021-10, this Opinion will refer to Plaintiff solely by first name and last initial.

Review by the Appeals Council was denied on July 30, 2021. (AR 1–6). Thus, the December 18, 2020 ALJ Decision became the final decision of the Commissioner. On October 3, 2021, Plaintiff filed the present action. (Compl., ECF No. 1).

### B.   Plaintiff's Background and Testimony

Plaintiff worked as a certified nursing assistant (CNA) for about fifteen years. (AR 36). She was fifty years old on her amended alleged onset date of May 29, 2018, and currently lives with her daughter. (AR 37–38). Plaintiff explained that she cannot turn her neck to look behind her, and has difficultly holding or grasping anything over five pounds in her hands because her hands get shaky and numb. (AR 37, 41). Plaintiff's daughter sometimes assists her in putting on her socks and shoes and turning the hot water on in the shower. (AR 41–42).

As for her legs, Plaintiff testified that she is "always in pain," can sit for about thirty minutes, can stand for fifteen or twenty minutes, and can walk for about fifteen or twenty minutes at a time. (AR 42). If she has an errand to run, Plaintiff testified that her daughter or a friend will drive her, or she will get an Uber, because the bus is too difficult with her leg weakness. (AR 38–39). When shopping, she will either use a cart that she can sit on or stay in the car while her daughter shops for her. (AR 43). To reduce swelling, Plaintiff often elevates her legs when she sits and sleeps. (AR 43–44). Plaintiff testified that this does not alleviate her pain fully which is the worst at night, and she tries to manage the pain with lidocaine patches, Tylenol, Motrin, Advil and Aleve. (AR 45).

### C.   Relevant Medical Evidence

The Court will briefly summarize the relevant medical evidence for purposes of this Appeal. This recitation is not comprehensive.

1. Juan Carlos Cornejo, D.O.

At the request of the New Jersey Division of Disability Determination Services (DDDS), Plaintiff was evaluated by consultative physician Juan Carlos Cornejo, D.O. in March 2019. (AR 368). Dr. Cornejo noted that Plaintiff had been diagnosed with neuropathy and reported numbness and tingling in her hands and feet and difficulty walking, standing, pushing, pulling, sitting, climbing, kneeling, crawling, and reaching. (AR 368–69). Plaintiff also reported that she could go to the store by herself, do light cleaning and laundry, dress herself, and prepare simple meals. (AR 369). Finally, Plaintiff reported that she could climb up and down a few steps, and walk a block. (AR 369). Dr. Cornejo observed that Plaintiff was able to get on and off the examining table, dress herself, and was comfortable in a seated position. (AR 370).

On examination, Dr. Cornejo noted that Plaintiff had decreased range of motion in her shoulders and tenderness in her joints, but normal sensation, reflexes and strength. (AR 371). Plaintiff also presented with decreased range of motion and strength in her hips but normal sensation and reflexes. (AR 371). Plaintiff had decreased range of motion in her lumbar spine with no tenderness or pain. (AR 371). Finally, Plaintiff had a normal gait, did not require an ambulation aid, and could heel walk, toe walk, and squat without difficulty. (AR 371).

Dr. Cornejo concluded that Plaintiff would have difficulty "bending and turning her neck and back," but could sit for a reasonable time with needed breaks. (AR 372). He recommended no limitations in fingering or manipulating small objects but opined that Plaintiff would have difficulty bending, kneeling, crouching, and crawling. (AR 372).

2. Gary Oxenberg, M.D.

Plaintiff underwent a second consultative examination in August 2019 with Gary Oxenberg, M.D., (AR 380–83), during which Plaintiff reported that she could groom, bathe, and

dress herself, but was unable to clean, cook, or shop. (AR 380). On examination, Dr. Oxenberg noted that Plaintiff could squat, walk, and get on and off the examination table without difficulty, pain, or assistance. (AR 381). Plaintiff presented with some back pain and decreased sensation and reflexes in her right and left feet but had full strength in all extremities. (AR 381). Dr. Oxenberg also found that Plaintiff had full range of motion in the shoulders, elbows, wrists, knees, hips, ankles, and spine. (AR 384–85).

### 3.  State Examiners Ibrahim Housri, M.D. and Nancy Simpkins, M.D.

In March 2019, Ibrahim Housri, M.D., a state agency physician, found that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, and could occasionally perform certain postural activities, except frequently balance or stoop. (AR 62–63). Dr. Housri added that Plaintiff had intermittent leg swelling, but no joint or muscle pain, no numbness or tingling, a normal gait, no sensory deficits, full grip strength, full muscle strength in the upper extremities, slightly reduced strength in the lower extremities, and could heel walk, toe walk, and squat without difficulty. (AR 62–63). A second state agency physician, Nancy Simpkins, M.D., concurred with Dr. Housri's findings in September 2019. (AR 86).

### D.  The ALJ's Decision

The ALJ's five-step sequential analysis concluded with a finding that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 25); *see* C.F.R. § 404.1520. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of May 29, 2018. (AR 18). At Step Two, the ALJ found diabetes mellitus, degenerative disc disease, degenerative joint disease, and osteoarthritis to be severe impairments. (AR 18).

At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed at 20 C.F.R. Part 404, subpart P, Appendix 1. (AR 18–19). Before proceeding to Step Four, the ALJ determined that Plaintiff retained the residual functioning capacity ("RFC") to perform light work except that Plaintiff "can climb ramps and stairs occasionally; never climb ladder, ropes or scaffolds. Can occasionally stoop, kneel and crouch; never crawl. Can frequently handle, finger and feel objects." (AR 19). Based on the testimony of the VE, the ALJ found that Plaintiff could perform the jobs of Cashier, Office helper, and Mail room clerk, and that a significant number of such jobs existed in the national economy. (AR 24–25). Thus, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (AR 25).

### III. LEGAL STANDARD

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by "substantial evidence." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Cons. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) (internal quotations omitted); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). The ALJ's decision thus must be set aside

if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf v. Callahan*, 972 F. Supp. 277, 284–85 (D.N.J. 1997) (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner of the Social Security Administration has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" If he is, he is not disabled. Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" If the claimant lacks such an impairment, he is not disabled. If he has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" If the claimant's impairments do, he is disabled. If they do not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." A claimant's "[RFC] is the most [he] can still do despite [his] limitations." If the claimant can perform

his past relevant work despite his limitations, he is not disabled. If he cannot, the ALJ moves on to step five.

At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] . . . age, education, and work experience[.]" That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." If the claimant can make an adjustment to other work, he is not disabled. If he cannot, he is disabled.

*Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201–02 (3d Cir. 2019) (alterations in original, citations and footnote omitted).

## IV.    DISCUSSION

Plaintiffs makes a single argument on appeal:  the ALJ did not properly evaluate the opinion of consultative examiner Carlos Cornejo, D.O. (Pla. Br., ECF No. 11 at 8). Specifically, Plaintiff alleges that the ALJ failed to discuss the supportability and consistency factors or mention adverse evidence. (Pla. Br., ECF No. 11 at 11–12). For the following reasons, the Court agrees and finds that remand is required.

"Residual functional capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett*, 220 F.3d at 121 (quoting *Hartranft*, 181 F.3d 358, 359 n. 1 (3d Cir. 1999); *see also* 20 C.F.R. § 404.1545(a). Here, the ALJ determined that Plaintiff retained the RFC to perform light work except that Plaintiff "can climb ramps and stairs occasionally; never climb ladder, ropes or scaffolds. Can occasionally stoop, kneel and crouch; never crawl. Can frequently handle, finger and feel objects." (AR 19).

In using medical opinions to determine an individual's residual functional capacity, the regulations require an ALJ to consider the opinion's persuasiveness.[2] 20 C.F.R. § 404.1520c(a). The two most important factors in doing so are supportability and consistency, *id*, and failure to thoroughly evaluate these factors is error. *Andrews v. Kijakazi*, No. 20-1878, 2022 WL 617118, at *21–22 (M.D. Pa. Mar. 2, 2022) (remanding case where the ALJ "tersely addressed both the supportability and consistency of [a provider's] opinion" which makes "the ALJ's rationale . . . too opaque to permit judicial review"). The supportability of the opinion describes the "extent to which a medical source has articulated support for the medical source's own opinion," *Cota v. Kijakazi*, No. 21-672, 2022 WL 3686593, at *7 (M.D. Pa. Aug. 25, 2022) (citation omitted), while consistency compares the medical opinion with other medical opinions in the record as well as the relevant evidence in the record, 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). ALJ's are specifically required to "explain how [he or she] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c (b)(2), 416.920c(b)(2); *Andrew G. v. Comm'r of Soc. Sec.*, No. 19-0942, 2020 WL 5848776, at *5 (N.D.N.Y. Oct. 1, 2020).

Here, the Court agrees with Plaintiff that the ALJ did not thoroughly evaluate the supportability and consistency of Dr. Cornejo's opinion and, thus, remand is required. In evaluating Dr. Cornejo's opinion's persuasion, the ALJ stated:

> Dr. Cornejo indicated the claimant would be able to perform sedentary activities. (Exhibit 4F). This assessment is of limited persuasion. While limitation with range of motion was observed, there was no indication that the claimant had difficulty with ambulation. In fact, as noted above the claimant was observed as ambulating without use of an assistive device without significant balance limitations. Based on

---

[2] Plaintiff's claims were filed October 24, 2018 and therefore the amended regulations regarding the evaluation of medical evidence apply. *Bruce T., v. Kijakazi*, No. 21-20289, 2022 WL 10025372, at *2 (D.N.J. Oct. 17, 2022) ("The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017, and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded." (quoting *Andrew G. v. Comm'r of Soc. Sec.*, No. 19-0942, 2020 WL 5848776, at *5 (N.D.N.Y. Oct. 1, 2020)).

>these objective findings, the record better supports an ability to perform work related activities at a light exertional level, with appropriate limitations regarding postural movements and climbing to take into account the claimant's range of motion limitations.

(AR 22).

First, the ALJ addressed the supportability of Dr. Cornejo's opinion in a cursory manner at best. (AR 22). She identified that Plaintiff had no difficulty ambulating but did not explain how this fact was inconsistent with any of Dr. Cornejo's other findings or his overall conclusion. *See Ramona C. v. Kijakazi*, No. 21-20678, 2022 WL 10490548, at *7 (D.N.J. Oct. 18, 2022) (remanding where the ALJ identified three reasons for finding a medical opinion unpersuasive but "fail[ed] to sufficiently explain how such evidence so undermines [the doctors'] informed opinion in terms of 'supportability' and 'consistency'"). The ALJ is required to explain *how* she evaluated the supportability of Dr. Cornejo's opinion, and the Court cannot even determine whether she did so from these few cursory statements. *See Brownsberger v. Kijakazi*, No. 20-1426, 2022 WL 178819, at *15–19 (M.D. Pa. Jan. 18, 2022) (remanding where the ALJ failed to "provide any citations to specific evidence on the record to explain his reasoning and does not explain how he evaluated the opinions regarding the supportability and consistency factors.").

Second, the ALJ failed to address the consistency of Dr. Cornejo's opinion as it compared to the other medical opinions and the medical records as required by § 404.1520c(a). Among other things, the consistency factor "calls for a comparison between the medical source's opinion and 'evidence from other medical sources and nonmedical sources' in the file." *Acosta Cuevas v. Comm'r of Soc. Sec.*, No. 20-0502, 2021 WL 363682, at *15 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted*, No. 20-0502, 2022 WL 717612 (S.D.N.Y. Mar. 10, 2022) (quoting 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)). The ALJ did not do that here. Had she done so, she might have found inconsistencies among the consulting doctors' opinions but would then have had

10

the opportunity to explain why she found the opinions of other doctors more persuasive than that of Dr. Cornejo. Her conclusory statement that "the record better supports" light work may, at best, indicate that she considered Dr. Cornejo's opinion in light of a review of the record as a whole, but even if she did, she did not provide any analysis or explain how she did so. *See Bruce v. Comm'r of Soc. Sec.*, No. 21-20289, 2022 WL 10025372, at *6 (D.N.J. Oct. 17, 2022) (finding an ALJ's statement that a doctor's testimony was "not supported by the objective evidence and [in]consistent with the other evidence of record" was insufficient to conduct meaningful review to as the supportability and consistency of the opinion).  While the Court agrees in theory with the Commissioner's argument that there are no "magic words" required, there must be sufficient analysis from which the Court can, on judicial review, determine that the ALJ in fact engaged in the required analysis. A bare statement that "the record better supports" one opinion is not sufficient for the Court to do so. (Def. Br., ECF No. 12 at 17-18, 21-22).

The regulations are clear that supportability and consistency are critical factors in an ALJ's analysis of a medical opinion and the failure to thoroughly discuss both factors is error. Therefore, this Court cannot find that the ALJ's evaluation of Dr. Cornejo's opinion is supported by substantial evidence.

The Court also cannot find this error to be harmless. There was limited medical opinion testimony in this matter and, critically, the doctor who conducted the second consultative examination did not make findings about Plaintiff's work–related limitations, making Dr. Cornejo's opinion that much more important in the analysis. If the ALJ had fully evaluated Dr. Cornejo's opinion, she could have found it persuasive and adopted his recommendation of sedentary work. *See, e.g.*, *Cota v. Kijakazi*, No. 21-672, 2022 WL 3686593, at *6–7 (M.D. Pa. Aug. 25, 2022) (finding the ALJ's failure to address the supportability and consistency of a medical

11

opinion to be harmful error because "if the ALJ accepts [the doctor's] opinions, Plaintiff would likely be limited to sedentary work"). Plaintiff was 50 years old at the amended onset date, has a high school education, and the VE testified that no skills from her past work would be transferrable to sedentary work, (AR 24, 49, 201), thus, an RFC of sedentary work would have led to a finding that Plaintiff was disabled. *Id.* at \*7.

For all these reasons, the Court finds the ALJ erred in her consideration of Dr. Cornejo's opinion and such error was not harmless.

## V. CONCLUSION

For the foregoing reasons, the Acting Commissioner's final decision is **VACATED** and Plaintiff's claim is **REMANDED** for further consideration consistent with this Opinion. An appropriate Order will be entered.

*Christine P. O'Hearn*
**Christine P. O'Hearn**
**United States District Judge**